IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JERMAINE O. ROBERTS | : | |
| | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | NO. 15-6629 |
| | : | |
| D.A. SETH WILLIAMS, et al. | : | |
| | : | |
| Defendant | : | |

**<u>MEMORANDUM OPINION</u>**

DAVID R. STRAWBRIDGE                                                                         November 2, 2018
UNITED STATES MAGISTRATE JUDGE

**I.    INTRODUCTION**

       This case arises from Plaintiff Jermaine O. Roberts' ("Roberts" or "Plaintiff") April 3, 2013 arrest for a string of robberies in south Philadelphia which he did not commit. After the charges against him were dropped on December 13, 2013, Roberts, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983 (hereinafter "§ 1983") against the City of Philadelphia (the "City"), District Attorney Seth Williams, Assistant District Attorney Elizabeth Kotchian, and five individual law enforcement officers alleging that he was falsely arrested, maliciously prosecuted, and that the City operated under a custom or practice of facilitating such conduct. All but two of the defendants have been dismissed from the case, leaving Detectives Michael Fitzgerald ("Fitzgerald") and Matthew Funk ("Funk") as the only remaining Defendants. (Docs. Nos. 15, 29, 31.)

       Presently before the Court is Roberts' motion for leave to amend the complaint, seeking

1

to: (1) again insert a § 1983 claim against the City;[1] (2) add state law claims of malicious prosecution and false imprisonment against Fitzgerald; and (3) "amplify" by amendment the § 1983 claim against Fitzgerald. (Doc. 49 at 21-26) ("Pl. Mot. Memo.") For reasons set forth below, we grant the motion in part and deny it in part such that: (1) we will deny Plaintiff leave to again insert the § 1983 claim against the City; (2) we will grant Plaintiff leave to add state law claims of malicious prosecution and false imprisonment against Fitzgerald; and (3) we will grant Plaintiff leave to amend the § 1983 claim against Fitzgerald.

## II. STANDARD OF REVIEW

Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave when justice so requires" as long as there was no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

## III. DISCUSSION

We note that Defendants assert that they "would be greatly prejudiced by having to amend [their] litigation strategy to incorporate claims and at least one Defendant [the City] not contemplated throughout the discovery process." (Def. Resp. Memo 4.) Upon consideration of Defendant's assertions and the papers before us, we deny Plaintiff's motion as to the City as futile,

---

[1] Roberts alleged in his complaint that the City "failed to [properly] supervise and train" the officers involved in his arrest. (Doc. 5 at 6) ("Compl.") The City, then, moved to dismiss for failure to state a claim, and on July 6, 2016 the District Court granted its motion on the basis that Roberts failed to "allege any facts regarding a municipal policy or custom" as required to establish § 1983 municipal liability under the United States Supreme Court's decision in *Monell*. (Doc. 15) (citing *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978).

but we permit him to plead the state law claims and to amend the § 1983 claim against Fitzgerald.

### A. Plaintiff's *Monell* claim against the city is futile.

For a futility analysis on a motion to amend, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Holst v. Oxman*, 290 Fed. Appx. 508, 510 (3d Cir. 2008). Generally, a municipality will not be held liable under the doctrine of *respondeat superior* for the misconduct of its employees. *See Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Instead, a municipality can only be liable under § 1983 when a constitutional injury results from the implementation or execution of an officially adopted policy or informally adopted custom. *See Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d Cir. 1996) (citing *Monell*, 436 U.S. at 658).

To state a claim under *Monell*, a plaintiff must establish that: (1) the municipality had a policy or custom that deprived the plaintiff of his constitutional rights; (2) the municipality acted deliberately and was the moving force behind the deprivation; and (3) the plaintiff's injuries were caused by the identified policy. 436 U.S. at 692-94; *Buoniconti v. City of Philadelphia*, 148 F.Supp.3d 425, 435-36 (E.D. Pa. 2015).

We conclude that Plaintiff's Amended Complaint is futile in that it fails to allege a cause of action against the City under *Monell*.[2] Plaintiff fails to adequately allege that the City acted deliberately. To do so, he must allege "sufficient factual matter" showing (1) that the City had contemporaneous knowledge of the incident and (2) circumstances where the City's action or inaction could be found to have communicated a message of approval. *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998) (internal citation omitted). Roberts asserts that the City "operated

---

[2] In reaching this conclusion, we derive facts from Plaintiff's Amended Complaint (Doc. 49-2) and the exhibits attached thereto, and view the facts in a light most favorable to Plaintiff.

under photo line-up custom, practice and policy . . . which created inherently unreliable identification and was the proximate cause of …[his] unlawful detainment." (Pl. Mot. Memo. at 25.) But he sets out no facts demonstrating that there was a pattern or practice of mistaken identifications that might establish the City's contemporaneous knowledge. He also fails to assert facts showing action or inaction by the City that could be interpreted as its approval in this instance that Roberts be mistakenly identified under its department-wide standard operating policy.

Roberts also fails to adequately allege causation. "[P]roof of the mere existence of an unlawful policy or custom is not enough to maintain a § 1983 action. A plaintiff bears the additional burden of proving that the municipal practice was the proximate cause of the injuries suffered." *Bielevicz v. Dubonin*, 915 F.2d 845, 850 (3d Cir. 1990). To establish causation in this context, "a plaintiff must demonstrate a 'plausible nexus' or 'affirmative link' between the municipality's custom and the specific deprivation of constitutional rights at issue." *Id.* Such a causal link "between . . . a known but uncorrected custom or usage and a specific violation is established if occurrence of the specific violation was made reasonably probable by permitted continuation of the custom." *Id.* at 851. In this vein, the Third Circuit has permitted a *Monell* claim to proceed where policymakers allegedly "knew about and acquiesced in a custom tolerating the tacit use of excessive force by [the defendant city's] police officers." *Beck v. City of Pittsburgh*, 89 F.3d 966, 976 (3d Cir. 1996).

Plaintiff's allegations here, however, are conclusory and do not establish such a causal link. He states that the photo-lineup policy "resulted in [his] misidentification" and "caused . . . a loss of liberty" (Am. Compl. ¶ 51, 80), but he does not state facts alleging that the Philadelphia Police Department knew that it led to mistaken identifications or that the policy did so produce mistaken identifications. The upshot is that the City's policy "raised a serious doubt with regard

4

to the accuracy of the results of a positive identification" and "increased the likelihood that victims and witnesses of crime would misidentify persons presented as suspects of criminal event." *Id.* ¶ 49, 73. We cannot conclude from this, however, that Roberts has pleaded sufficient facts to show that the City tolerated or acquiesced to a known and unlawful flaw in its photo lineup policy. Accordingly, in that his claim fails to establish that the City acted deliberately or that the City's policy caused his alleged constitutional deprivation, we deny Plaintiff's motion insofar as it seeks to reinsert a *Monell* claim against the City.

### B. Defendants will not be prejudiced by the addition of state law false imprisonment and malicious prosecution claims

Delay alone is not a sufficient justification for denial of leave to amend. *Adams v. Gould Inc.,* 739 F.2d 858, 868 (3d Cir. 1984). "[H]owever, at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (quoting *Adams*, 739 F.2d at 868). When considering of the issue of undue delay, we are instructed to "focus on the movant's reasons for not amending sooner," and when considering of the issue of prejudice, we are instructed to "focus on the effect on the defendants." *Adams*, 739 F.2d at 868.

Plaintiff asserts that the "actions or omissions" of Fitzgerald "satisfy the elements necessary to establish the common law theories of liability of False Imprisonment and Malicious Prosecution." (Pl. Mot. Memo. at 21-22.) Defendants assert that they "would be greatly prejudiced by having to amend [their] litigation strategy to incorporate [new] claims" and that Plaintiff's delay is "unexplained." (Def. Resp. at 6.)

We conclude that Plaintiff's motion to amend the complaint is not so *unduly* late as to justify denial. Though the action was commenced over two and a half years ago, we find support for granting leave to amend. *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 204-05 (3d Cir. 2006)

(citing *Tefft v. Seward*, 689 F.2d 637, 639-40 (6th Cir. 1982)) (delay of four years did not warrant denial of leave to amend); *Buder v. Merrill Lynch, Pierce, Fenner & Smith*, 644 F.2d 690, 694 (8th Cir. 1981) (delay of two and a half years was insufficient to justify denial of leave to amend). We also observe that this motion was filed only seven months after counsel Steven F. Marino entered his appearance on January 15, 2018 on behalf of Plaintiff, who had been proceeding previously *pro se*. (Doc. 38.) And while Plaintiff's failure to amend the complaint earlier may not exemplify diligence, "[t]he liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case." *Artur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006) (citing *Forman*, 371 U.S. at 182).

Against this liberal standard, we are unpersuaded that Defendants are prejudiced by the late filing of these state law claims considering "whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories." *Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). These claims present no new facts – they are predicated on the same alleged wrongful arrest and malicious prosecution which Defendants have already briefed in their motion for summary judgment. (*See generally* Doc. 52); *see Adams*, 739 F.2d at 869 (finding no prejudice because no new facts or additional discovery were required). In any event, we will allow Defendants leave to amend their summary judgment motion.

### C. Plaintiff may amend the § 1983 claim against Fitzgerald

Motions to amend under Rule 15(a) serve a multitude of purposes including to "amplify a previously alleged claim." *Wolfson v. Lewis*, 168 F.R.D. 530, 533 (E.D. Pa. 1996) (citing L. Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 1474 (1990). As Plaintiff seeks to "amplify" by amendment his § 1983 claim against

Fitzgerald (Pl. Mot. Memo 23-24), and concluding that Defendants, for reasons stated above, will not be prejudiced by the amendment, we grant Plaintiff leave to do so.

## IV.     CONCLUSION

For reasons set forth above, we grant in part and deny in part Plaintiff's motion for leave to amend the complaint. An appropriate order follows.


BY THE COURT:


/s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE